**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2266-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

ELEX HYMAN,

    Defendant-Appellant.

_____

Submitted March 4, 2025 – Decided July 18, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Ocean County, Indictment No. 10-11-2077.

Jennifer N. Sellitti, Public Defender, attorney for appellant (Amira R. Scurato, Designated Counsel, on the brief).

Bradley D. Billhimer, Ocean County Prosecutor, attorney for respondent (Samuel Marzarella, Chief Appellate Attorney, of counsel; Shiraz I. Deen, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Elex Hyman appeals from the December 29, 2022 Law Division order entered by Criminal Presiding Judge Guy P. Ryan, denying defendant's petition for post-conviction relief (PCR) following an evidentiary hearing. Defendant claims his trial counsel rendered ineffective assistance by failing to file a <u>Delaware v. Franks</u>[1] motion to challenge the affidavit in support of a wiretap order and communication data warrants (CDW). The gravamen of defendant's argument is that the affidavit falsely stated that defendant was overheard speaking to his cousin Travell Nickey, when he actually was conversing with his other cousin Dawayne Banks. Following the evidentiary hearing, Judge Ryan found it immaterial who defendant was speaking to since it was clear that he was discussing drug trafficking. We agree with Judge Ryan that had defendant's trial counsel filed a <u>Franks</u> motion, that motion would have been unsuccessful. We therefore affirm the denial of defendant's PCR petition substantially for the reasons set forth in Judge Ryan's thorough and thoughtful written opinion.

I.

We presume the parties are familiar with the facts presented at trial proving defendant's involvement in drug distribution activities. Those facts are

---

[1] 438 U.S. 154, 98 (1978).

thoroughly recounted in our direct appeal opinion, State v. Hyman, 451 N.J. Super. 429 (App. Div. 2017), and need not be fully reproduced here.

Following a five-day jury trial in June 2013, defendant was convicted of second-degree possession with intent to distribute controlled dangerous substance (CDS), N.J.S.A. 2C:35-5(b)(2) and second-degree conspiracy to commit that offense, N.J.S.A. 2C:5-2. The trial court sentenced him to a mandatory extended prison term of fourteen years with a six-year period of parole ineligibility. In 2017, we affirmed defendant's convictions and sentence. Hyman, 451 N.J at 437.

In April 2018, defendant filed a PCR petition and in January 2021, he filed a motion for PCR discovery. Judge Ryan denied that motion, prompting defendant to file a motion seeking Judge Ryan's recusal. Defendant's recusal motion was denied in October 2021.

In January 2022, Judge Ryan granted defendant's motion for an evidentiary hearing and thereafter denied the State's motion to reconsider. The judge entered an order requiring the State to produce specified wiretap recordings. In July 2022, Judge Ryan held a renewed oral argument on the State's motion to reconsider the decision to convene a PCR evidentiary hearing. On July 28, 2022, Judge Ryan partially granted the State's motion to reconsider

A-2266-22

and limited the scope of the evidentiary hearing to whether trial counsel was ineffective for failing to file a <u>Franks</u> motion.

The evidentiary hearing was held in November 2022. On December 29, 2022, Judge Ryan denied defendant's PCR petition, rendering a thirty-nine-page written opinion. We recite at length the PCR court's detailed factual findings, to which we owe deference, <u>see</u> <u>State v. Nash</u>, 212 N.J. 518, 540-41 (2013):

> [Ocean County Prosecutor's Office] Det[ective][] [Michael] Pluta's affidavit was submitted to the wiretap judge on or about February 2, 2010.[] . . . Among other things, the application sought to intercept wire and electronic communications to or from the 1967 number as well as a [CDW] for that and other numbers. . . . The affidavit detailed a confidential [informant] knew Nickey was selling cocaine in Ocean County and the informant made a call to the 1967 number, which was overheard by law enforcement, and arranged a purchase of cocaine. . . . Officers surveilled Nickey and the informant and observed a CDS transaction. The informant later returned and delivered a quantity of suspect cocaine, which field tested positive. . . . The informant advised officers he/she exchanged the funds for cocaine from Nickey. . . . A second, third and fourth controlled purchase of cocaine by the informant from Nickey were made shortly thereafter. . . . In each instance, the informant communicated with Nickey on the 1967 number and officers overhead the narcotics related discussions. In each instance, the informant was observed engaging in a transaction and returned with suspected cocaine which field tested positive. The affidavit then recited that prior CDWs showed call detail analysis which confirmed the 1967 number was being used "at all hours of the day and night" . . . and

that calls were being made to persons with confirmed criminal histories for CDS related offenses. . . . Specifically, the affiant certified that "Trevell Nickey and other as yet unidentified individuals [were] utilizing captioned telephone number . . . and [other numbers] . . . to communicate with each other and with coconspirators in furtherance of the specified crimes and this illicit drug distribution network." . . .

Other than showing that perhaps some statements made during the recordings were "misattributed" to Nickey, defendant has made no showing the warrant application lacked probable cause, nor that the detective's apparent misattribution was knowingly false or made with reckless disregard. In fact, defendant's description of this alleged error as a "misattribution" is consistent with a mistake by law enforcement. At most, defendant has shown law enforcement mistakenly attributed a voice on the recording to Nickey when it was Banks. That mistake was insufficient to warrant a Franks hearing and certainly would not have resulted in suppression of the evidence.

Even if, under the first prong of Strickland, defendant showed trial counsel should have presented the fact that the 1967 number was attributed incorrectly, under the second prong of Strickland defendant has failed to show this deficiency materially contributed to the outcome of the matter. Defendant was not prejudiced by trial counsel's alleged failure to file a motion to suppress due to the supposed misattribution of the 1967 number.

. . . .

Whether the number belonged to Nickey or Banks, defendant was on the other line of every intercepted call introduced into evidence at trial and

5

the[re] was probable cause to support the warrant and CDW, despite the alleged error. In addition, detectives corroborated the intercepted calls with surveillance and controlled buys.

[(Footnote omitted).]

Defendant raises the following contentions for our consideration:

POINT I

BECAUSE DEFENDANT RECEIVED INEFFECTIVE ASSISTANCE FROM TRIAL COUNSEL, THE PCR COURT ERRED IN DENYING DEFENDANT'S PETITION FOR RELIEF.

    A. Legal Standards Governing Applications For [PCR]

    B. Trial Counsel Admitted He Did Not Know What A Franks Motion Was So His Failure To File The Motion Was Ineffectiveness Per Se

        a. Despite [Defendant] Confronting Trial Counsel With Definitive Facts Showing That The Basis For Obtaining The [CDW] Was Faulty, Trial Counsel Failed To File The Necessary Franks Motion Challenging The Issuance Of The Warrant.

        b. A Properly Filed Franks Motion Would Have Resulted In The Suppression of the Wiretapped Evidence.

        c. Appellate Counsel Failed To Raise All Of The Claims Requested By [Defendant].

6

We begin our analysis by acknowledging the legal principles governing this appeal. PCR serves the same function as a federal writ of habeas corpus. State v. Preciose, 129 N.J. 451, 459 (1992). When petitioning for PCR, a petitioner must establish, by a preponderance of the credible evidence, that they are entitled to the requested relief. Ibid. To meet this burden, the petitioner must allege and articulate specific facts, "which, if believed, would provide the court with an adequate basis on which to rest its decision." State v. Mitchell, 126 N.J. 565, 579 (1992). When, as in this case, the PCR court convenes an evidentiary hearing, a reviewing court should defer to the PCR court's factual findings. Nash, 212 N.J. at 540-41. "An appellate court's reading of a cold record is a pale substitute for a trial judge's assessment of the credibility of a witness he has observed firsthand." Ibid.

In addressing an ineffective assistance of counsel claim, New Jersey courts follow the two-part test articulated by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 687 (1984). See State v. Fritz, 105 N.J. 42, 58 (1987). "First, the defendant must show that counsel's performance was deficient." State v. Gideon, 244 N.J. 538, 550 (2021) (quoting Strickland,

466 U.S. at 687). "Second, the defendant must have been prejudiced by counsel's deficient performance." Ibid. (quoting Strickland, 466 U.S. at 687).

To meet the first prong of the Strickland/Fritz test, a defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Strickland, 466 U.S. at 687. Reviewing courts indulge in "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689. "A court evaluating a claim of ineffective assistance of counsel must avoid second-guessing defense counsel's tactical decisions and viewing those decisions under the 'distorting effects of hindsight.'" State v. Marshall, 148 N.J. 89, 157 (1997) (quoting Strickland, 466 U.S. at 689).

The second Strickland prong is also demanding. It requires the defendant show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. Put differently, counsel's errors must create "reasonable probability" that the outcome of the proceedings would have been different if counsel had not made the errors. Id. at 694. This "is an exacting standard." Gideon, 244 N.J. at 551 (quoting State v. Allegro, 193 N.J. 352, 367 (2008)). "Prejudice is not to be

A-2266-22

presumed," but must be affirmatively proven by the defendant. Ibid. (citing Fritz, 105 N.J. at 52).

Moreover, "when defense counsel's failure to litigate a Fourth Amendment claim is the principal allegation of ineffectiveness, 'the defendant must also prove that his Fourth Amendment claim is meritorious and that there is a reasonable probability that the verdict would have been different absent the excludable evidence in order to demonstrate actual prejudice.'" State v. Johnson, 365 N.J. Super. 27, 35 (App. Div. 2003).

Turning to substantive legal principles, pursuant to Franks, a defendant challenging the veracity of a statement in an affidavit in support of a warrant bears the burden of making "a substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit[.]" 438 U.S. at 155-56. Defendants "cannot not rely on allegations of unintentional falsification in a warrant affidavit." State v. Howery, 80 N.J. 563, 567 (1979). Further, "[the defendant] must allege 'deliberate falsehood or reckless disregard for the truth,' pointing out with specificity the portions of the warrant that are claimed to be untrue" . . . "supported by an offer of proof including reliable statements by witnesses." Ibid. (citing Franks, 438 U.S. at 171). Next, "'with the affidavit's

false material set to one side, [if] the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit.'" State v. Desir, 245 N.J. 179, 196 (2021) (quoting Franks, 438 U.S. at 165).

III.

We next apply these foundational principles to the present matter. As Judge Ryan aptly noted, this case turns on the materiality requirement set forth in Franks and Howery. The judge concluded that the alleged misattribution as to who defendant was speaking to, even if true, had no substantive impact. We are satisfied the PCR court correctly applied the Franks/Howery test by thoroughly evaluating the affidavit and then determining that there was ample probable cause even if the mistaken attribution were excised from the warrant. The facts set forth in the affidavit that independently establish probable cause include the surveillance conducted by the detectives as well as their description of "controlled buys" of CDS. Furthermore, Judge Ryan concluded that there was no evidence that the allegedly mistaken attribution of Nickey instead of Banks in the wiretap affidavit was intentional or made with reckless disregard

to the truth. We agree with that conclusion, which is amply supported by the record.

In sum, Judge Ryan correctly determined that trial counsel was not ineffective for purposes of PCR relief by failing to file a meritless <u>Franks</u> motion. Stated another way, any such a motion would not have changed the result of the proceedings. <u>See</u> <u>Strickland</u>, 466 U.S. at 687.

To the extent that we have not specifically addressed them, any remaining arguments raised by defendant lack sufficient merit to warrant discussion. <u>R.</u> 2:11-3(e)(2).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division